We do not need to reach the issue of whether the notice of the dismissal was reasonable or effective. I am not certain that the notice, which came back marked "insufficient address," was effective. Although the BOR complied with R.C. 5715.20's requirement that the notice of dismissal be sent by certified mail, the BOR could have taken additional steps when the mail was returned because of an insufficient address. The Postal Service is not what it once was. Surely, the mail could have been delivered, as was the first notice, with exactly the same address. No one disputes that Joseph's office was in the building, and simply looking at the building directory would have allowed the letter carrier to deliver the mail. If the original notice of the hearing had come back undelivered, I doubt that we would hold that the notice was effective.[3] But we do not need to decide this issue, and should not until such a case is squarely before us.
But I agree with the majority's ultimate judgment, because Joseph still violated R.C. 5715.19(A)(2)'s rule limiting him to only one complaint during each triennium absent a showing of a change in circumstances. Joseph's contention that, because he did not receive reasonable notice of the dismissal of the original complaint, the proceedings on the original complaint were void abinitio is untenable. Here, the original complaint was dismissed for failure to prosecute because no one appeared on Joseph's behalf at the BOR hearing. Under the circumstances of the dismissal of the original complaint, a possible failure to reasonably notify Joseph of the dismissal would have only had an arguable effect on the extension of time to appeal the dismissal; it would not have made the dismissal void. The bell would not have been unrung. Therefore, I concur in the court's judgment.
 ________________________________ Sundermann, Judge
[3] See Gnandt v. Cuyahoga Cty. Bd. of Revision (May 14, 1998), Cuyahoga App. Nos. 72488 and 72489, unreported; Osborne v.Lake Cty. Bd. of Revision (Jan. 31, 1992), Lake App. No. 91-L-076, unreported.